GREEN, Judge,
delivered the opinion of the court:
This suit is begun under the provisions of a resolution passed by the Senate March 3,1923, referring a large number of claims named therein to this court. These claims are com *252 monly known as the cotton linter cases. Among the claims listed in the resolution is that of the Macon County Oil Company, Tuskegee, Alabama, and a petition was filed in this court November 19, 1923, naming as plaintiff the Macon County Oil Company. This is the case now before us.
Afterwards the plaintiff made application to have J. H. Lamar, who is stated in the application to be trustee of the Macon County Oil Mill, a corporation, also known as the Macon County Oil Company, substituted as plaintiff herein. This motion was sustained by the court, without prejudice to the right of the defendant to renew its objections to the substitution of J. H. Lamar, as trustee, upon final hearing of the case.
The controversy in the case is as to whether the Macon County Oil Mill, through its trustee, is entitled to maintain this action.
An examination of the record shows that it is in hopeless confusion as to the rights of the party now made plaintiff in the action. Plaintiff’s reply to defendant’s objections to the substitution of party plaintiff states that there was no corporation known as the Macon County Oil Company, the true corporate name being Macon County Oil Mill, but the Agreed Statement of Facts recites that the Macon County Oil Company was organized as a corporation in 1905, under the laws of the State of Alabama, and that on September 7, 1918, the Macon County Oil Company entered into a contract to sell to the United States a quantity of linters. The stipulation further recites in substance that the Macon County Oil Company proceeded to crush cottonseed and produce linters under this contract. The stipulation also sets out a statement of the account between the Macon County Oil Company and the defendant resulting from the proceedings under the contract. It will be observed that the stipulation recites that the defendant is indebted to the Macon County Oil Company, a corporation, which is the owner of the claim in suit, although it is conceded that there never was any such corporation, and the motion to substitute J. H. Lamar, Trustee of the Macon County Oil Mill, as plaintiff, is based upon that fact. If we were now to render judgment in favor of Lamar, as trustee *253 of the Macon County Oil Mill, it would conflict with the terms of the stipulation.
The petition must therefore be dismissed, and it is so ordered.
Littleton, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.